IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:14CR12 |
| | § | |
| BARBARA HENRY COPPAGE | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 25, 2014, to determine whether Defendant violated her supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Heather Rattan.

On May 24, 2006, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 70 months imprisonment followed by a three-year term of supervised release for the offense of Felon in Possession of a Firearm. On August 24, 2007, Defendant's sentence of imprisonment was reduced to 48 months pursuant to U.S.S.G. § 5G1.3(b) to give Defendant credit for her time served on related state case 50323 in Cooke County District Court, Gainesville, Texas. The term of supervised release was revoked on February 15, 2012, and Defendant was sentenced to 18 months imprisonment followed by an additional 18 month term of supervised release. Defendant began her initial term of supervision on August 6, 2010. Following her revocation, the current term of supervised release commenced on May 3, 2013.

1

On January 31, 2014, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not leave the judicial district without permission of the Court or probation officer; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall notify the probation officer ten days prior to any change in residence or employment; (5) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and (7) Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer. Defendant shall participate in a program (inpatient and/or outpatient) approved by the probation office for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use; abstain from the use of alcohol and all other intoxicants during and after completion of treatment; contribute to the costs of services rendered (co-payment) at the rate of at least $5.00 per month.

The Petition alleges that Defendant committed the following violations: (1) On December 24, 2013, Defendant was arrested by Love County, Oklahoma, Sheriff's Office for Second Subsequent Possession of Methamphetamine - felony, Possession of Paraphernalia - misdemeanor, and False Impersonation - felony; (2) Defendant did not have permission from the Court or probation officer to leave the Eastern District of Texas on December 24, 2013, when she was arrested by Love

County, Oklahoma, Sheriff's Office as noted above. Furthermore, on September 17, 2013, Defendant was stopped by Runaway Bay Texas Police Department, Wise County, for a traffic violation. Defendant did not have permission from the Court or probation officer to leave the Eastern District of Texas; (3) Defendant failed to report to the U.S. Probation Office on October 28, 2013, as directed. Defendant also failed to submit a monthly supervision report within the first five days of the month for the months of August, September, October, November and December 2013; (4) On August 13, 2013, an unannounced home visit was conducted by Senior U.S. Probation Officer Linda Werner and Supervising U.S. Probation Officer Myra A. Kirkwood at Defendant's reported address located in Denton, Texas. Officers were informed by resident Brenda DeJesus that Defendant had moved three weeks prior. On October 30, 2013, an unannounced home visit was attempted by Senior U.S. Probation Officer Linda Werner at Defendant's reported address located in Valley View, Texas. The residence was a vacant abandoned trailer; (5) At the time of the above reported arrest on December 24, 2013, by Love County, Oklahoma, Sheriff's Office, Carl Davis, Sr. and Carl Davis, Jr. were with Defendant and were arrested for Possession of Methamphetamine and Possession of Paraphernalia. Furthermore, Carl Davis, Sr. has a felony conviction for Aggravated Assault with a Deadly Weapon. Defendant did not have permission from the probation officer to associate with said felon; (6) On August 29, 2013, Defendant was questioned by Valley View, Texas Police Department during a traffic stop. Defendant was the passenger in the vehicle. She failed to report being questioned by law enforcement to the probation officer within 72 hours; and (7) Defendant failed to participate in substance abuse counseling at McCary Counseling, Denton, Texas, on May 21, July 2, July 11, October 8, October 22, and the month of November 2013. Additionally, Defendant failed to submit urine specimens for testing at McCary Counseling, Denton, Texas, on

May 21, August 26, September 10, October 8, October 28, November 15, November 21, and November 26, 2013, as directed. Also, during drug testing collection at McCary Counseling, Denton, Texas, on June 28, 2013, Defendant tampered with her urine specimen by squeezing liquid contained in a feminine sanitary napkin into the collection cup.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release and that her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the February 25, 2014 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in a Bureau of Prisons Facility located in Alabama, or as nearby as possible, if appropriate.

**SIGNED this 6th day of March, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE